**In re Teresa L. SENSABAUGH, a/k/a Teresa Lynne Ragland, Debtor.**

**Bankruptcy No. 87–01462–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

July 13, 1988.

Brenda L. Page, Richmond, Va., for debtor.

Paul S. Bliley, Jr., Richmond, Va., for Investors Sav. Bank.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on the motion of Investors Savings Bank ("Investors"), by counsel, to dismiss the above-styled proceeding. Under the terms of the debtor's plan confirmed by this Court on October 2, 1987, the debtor was to make post-petition monthly payments of principal and interest directly to Investors. The debtor has not made any of these direct post-petition payments to Investors and is currently more than seven months in arrears.

No response has been filed to Investors' motion to dismiss. Instead, on the date of the hearing on the aforementioned motion, the debtor filed an amended plan that would attempt to cure the post-petition default on Investors' loan. The filing of the amended plan has raised the issue of whether or not the United States Bankruptcy Code provides for the modification of a confirmed plan to allow for payment of post-confirmation arrearages on a loan secured by the debtor's principal residence.

## CONCLUSIONS OF LAW

■ After a review of this proceeding, this Court finds that the debtor's failure to make any direct post-confirmation payments under the plan to Investors constitutes a material breach under 11 U.S.C. § 1307(c)(6). Further, this Court holds that since Investors' motion to dismiss was filed prior to the debtor's request for modification of her plan, Investors' motion must first be decided. To do otherwise would allow a circumvention of § 1307(c)(6) by allowing a debtor to thwart a motion to dismiss for a material default by modifying their plan post-confirmation.

■ Assuming, however, that the debtor had requested a modification of her plan prior to Investors filing a motion to dismiss, sufficient grounds to allow the modification still do not exist. Section 1322(b)(2) prohibits an alteration in a residential mortgage except to the extent allowed by § 1322(b)(5).[1] The proposed change in the plan would go beyond the intent of § 1322(b)(5). Section 1322(b)(5) clearly states that the default may be cured within a reasonable time but that the maintenance of payments must continue while the case is pending. To allow a modification to cure the seven unpaid post-confirmation maintenance payments within a reasonable time subverts the intent of the statute, and although § 1329 allows for modification of a plan to increase or decrease the time or amount of payments of a particular class provided for by the plan, it is this Court's belief that the intended actions of the debtor go beyond the language of the statute. However, even if it is found that the debtor's actions do not go

---

1. Section 1322(b)(5) states that:
(b) Subject to subsections (a) and (c) of this section, the plan may—
(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim on which the last payment is due after the date on which the final payment under the plan is due. . . .

beyond the intent of § 1329, the more specific language of § 1322(b)(5) is controlling. *Morton v. Mancari, et al.,* 417 U.S. 535, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."); *In re Hynson,* 66 B.R. 246, 250 (Bankr.D.N.J.1986). Therefore, this Court cannot approve the modification of the plan as requested.

Accordingly, for the reasons stated above, Investors' motion to dismiss is granted.

An appropriate Order will issue.